27 C.C.P.A.(Patents)

## In re LEWIS.

### Patent Appeal No. 4201.

Court of Customs and Patent Appeals.
Dec. 26, 1939.

Rehearing Denied Feb. 1, 1940.

James M. Graves, of Washington, D. C., for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner which rejected for want of patentability over the prior art product claims 7 to 12 inclusive of an application for a patent alleging new and useful improvements in "Lubricating Oil and Lubrication Therewith." Six method claims were allowed.

Claim 12 is illustrative. It reads: "12. Mineral oil composition, comprising a hydrocarbon lubricating oil of a character normally tending to corrode alloys of the type of having substantially the corrosion susceptibility characterizing cadmium-silver, cadmium-nickel and copper-lead alloys when continuously applied to the surface thereof under service conditions, and thio di-beta naphthylamine incorporated with said oil in corrosion inhibiting proportions."

The cited reference is: Bartram, 2,006,-756, July 2, 1935.

The subject matter herein is sufficiently set forth in the illustrative claim.

The reference relates to a composition of matter comprising oil products of different types for use as liquid fuels in internal combustion engines, as lubricating oil, as transformer oil and as a circulating medium in oil bearing systems and the like. It discloses that various substances, among them thio di-beta naphthylamine, may be added to oil when it is desirable to employ an improved and satisfactory stable mineral oil. The quantity of thio di-beta naphthylamine which is employed is shown by the specification of the patent to be approximately 0.001 to 0.05% of the weight of the oil. While the reference does not show the degree of refinement to which the mineral oil is subjected, it teaches that the addition of small amounts of said compound to the lubricating oil results in stabilization of the oil.

The examiner held that the said teaching of the patent would make it apparent to one skilled in the art that all lubricating oils, including those of the highly refined type, could be stabilized in this manner. He concluded that the non-corrosive property of all mineral lubricating oils, containing small amounts of thio di-beta naphthylamine, when applied to cadmium-silver, cadmium-nickel and copper-lead alloys would be necessarily inherent. The Board of Appeals agreed with the reasons of rejection by the examiner.

Appellant contends that the reference is not applicable prior art for the alleged reason that it does not disclose the addition of said compound to mineral lubricating oil of the character normally corrosive to bearings of the cadmium-silver type and also that it fails to disclose the addition of corrosion inhibiting proportions of the compound to the said oil normally corrosive to the said type of bearings.

While it is true, as urged by the appellant, that Bartram was not concerned with the problem of producing a type of mineral lubricating oil which would be an inhibitor of bearing corrosion, nevertheless the reference does disclose an admixture of thio di-beta naphthylamine with mineral lubricating oil. Appellant contends that since the amount of the added compound is shown in the specification of the reference to be 0.001 to 0.05% of the weight of the oil, the specification of the appellant which discloses a proportion of compound as low as 0.2% of the weight of the oil creates a patentable difference.

It is stated in the specification of appellant, after having set forth the said proportionate weight of the compound, that: "The stated percentage is not intended as a limitation upon the contemplated scope and practice of the invention."

It is very clear that nowhere does the application disclose critical proportions of thio di-beta naphthylamine and oil. Therefore, we are unable to see the force of appellant's contention that the difference in the proportion of the compound set out in his specification and that set out in the reference makes his claims on appeal patentable.

Appellant urges as a summary in his brief that even though the cited patent be given full weight as a legitimate reference his rejected claims defined patentable inventions in that they recite (1) critically different proportions of inhibitor performing a (2) new and different function in (3) a different type of oil to achieve a new and useful result wholly outside the contemplation of the patentee.

It may be, as stated in the brief of appellant, that the proportion shown by Bartram is ineffective to prevent corrosion. As far as appellant's application is con-

cerned, nothing appears to show what proportions are necessary to effect this result. If his argument is correct, it must be that certain proportions at some stage must bring about the result alleged by him, but since he does not show what that is we fail to see in what patentable respect his disclosure differs from that of the reference.

■ We are not impressed with the contention of appellant that his product contains a different type of oil than that shown in the patent. Apparently when the type of bearing shown in the appealed claims took the place of the usual babbitt bearings highly refined mineral lubricating oil must have been ordinarily used in internal combustion engines. It was the use of this very kind of oil that caused corrosion in the new type of bearings. Therefore, we can not see how it can be successfully urged that the lubricating oils used by appellant in his product were in any way different from those used in the prior art.

■■ As to appellant's contention concerning new and different function, it is merely necessary to state that the patentability of a product claim must be found in the product itself and not solely upon an alleged new function asserted for the product. The mere fact that appellant may have discovered a new property possessed by a combination of highly refined mineral lubricating oil and thio di-beta naphthylamine does not entitle him to the allowance of his rejected product claims. In re Heap, 74 F.2d 948, 22 C.C.P.A., Patents, 950; In re Newton et al., 96 F.2d 291, 25 C.C.P.A., Patents, 1106.

We can perceive no error in the decisions of the tribunals below and, accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.