32 C.C.P.A.(Patents)

## In re KOKATNUR et al.

### Patent Appeal No. 4899.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

508

Frederic P. Warfield, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and. BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected all of appellants' claims (9 to 14, inclusive) in their application for a patent relating to compounding lubricating oils. From a decision of the Board of Appeals affirming said rejection by the examiner, the applicants have here appealed.

Claims 9, 12, and 14 are illustrative and read as follows:

"9. A compounded lubricating oil comprising a mineral oil and a small amount of a mixture of esters formed from a branched-chain aliphatic alcohol having no more than 12 carbon atoms and the total fatty acids of an oil of the class consisting of natural oils and fats, the said lubricating oil being characterized by higher lubricity, greater load bearing capacity, and greater viscosity index than the basic mineral constitutents of the composition.

"12. A compounded lubricating oil comprising a mineral oil and a small amount of a mixture of esters formed from a branched-chain aliphatic alcohol having no more than 12 carbon atoms and the total fatty acids of coconut oil, said lubricating oil being characterized by higher lubricity, greater load bearing capacity, and greater viscosity index than the basic mineral oil constituents of the composition.

"14. A compounded lubricating oil comprising a mineral oil, a small amount of a mixture of esters formed from a branched-chain aliphatic alcohol having no more than 12 carbon atoms and the total fatty acids of coconut oil, and a fatty acid soap of a metal in the same periodic group as the metal in the bearing with which the lubricating oil is intended to be used and close to the said metal in the electromotive series, the said lubricating oil being characterized by higher lubricity, greater load bearing capacity, greater viscosity index, and lower sludging than the basic mineral oil constituents of the composition."

Appellants' application teaches the use, in compounding lubricating oils, of a mineral oil, a soap of the metal forming the bearing with which the lubricant is intended to be used, and an ester formed from a branched-chain aliphatic alcohol and the total fatty acids of a natural vegetable or animal oil, such as coconut oil.

The claims were rejected on the prior art, and the references cited were: Koethen 1,758,446 May 13, 1930; British patent 402,262 Nov. 30, 1933; Colbeth 2,210,-140 Aug. 6, 1940.

The Koethen patent teaches the use of a mineral oil and an iron soap in compounding a lubricant.

In the British patent, the patentee, in compounding a lubricant, uses a mineral oil, and an ester or a mixture of esters formed from acids and alcohols. He states that he prefers not to use natural oils as acids.

Colbeth discloses a lubricant comprising mineral oil and an ester formed from a vegetable oil, such as coconut oil, and an alcohol.

The Primary Examiner seemed to think that the Colbeth patent was the most pertinent reference; and, while the board generally affirmed the holding of the examiner, it regarded the British patent as the most pertinent. It stated:

"The alleged invention is concerned with a lubricant compounded of mineral oil and a mixture of esters with a soap added. Appellants have selected a small amount of a mixture of esters formed from a branched chain aliphatic alcohol and use a fatty acid soap of the same metal as. the metal of the bearing at the surface of which lubricating action is desired.

"It is contended that the prior art does not disclose such a combination. We believe that the British patent is sufficient to anticipate as the patentee, on page 6, states beginning in line 84, 'It will be understood that a mixture of esters may be

readily used, or the esters may be used in combination with other substances such as the soaps of lime, soda, lead or other heavy metals.' This statement is made in connection with a mixture with a mineral oil and it will be observed that some of the esters are formed from a branched chain aliphatic alcohol and a lubricant is selected in accordance with the type of bearing to which it is to be applied. If a soap of lead or other heavy metal be used, it would seem desirable to select a soap in accordance with the character of the metal of the bearing. We note that Koethen describes an iron soap added to a lubricating oil.

"As to the Colbeth patent, it describes a lubricant produced by mixing an ester with an organic product having lubricating properties and the esters are formed from aliphatic acids which contain at least 11 carbon atoms. The esters may be branched chain alcohols. Furthermore, the patentee refers to the use of cocoanut oil. On page 2, is found a reference to 'Any one or more of the esters produced in the examples given above * * * is mixed with an organic product such as lubricating mineral oil.' The Examiner holds that this shows a mixture of esters but there is some doubt whether the language could be applied to such mixture. However, the patent does describe a mixture of a lubricant and an ester of much the same type as recited in the rejected claims.

"We fail to find patentability in the rejected claims and especially considering the disclosure of the British patent. While appellants urge that their compounded lubricating oil has higher lubricity, greater load varying capacity and greater viscosity index than the basic mineral constituents and state in their brief that these characteristics are above the ordinary, we have not been shown that this is necessarily true in a comparison with the type of oils disclosed in the prior art, especially the British patent. Appellants emphasize the use of an isopropyl ester of the total acids of the cocoanut oil but Colbeth also refers to esters of various aliphatic acids and cocoanut oil."

■ We think the board's decision is not erroneous. Claims 9 and 12, we think, are met by Colbeth, and the other claims are not inventive over either the British patent or Colbeth in view of Koethen. In view of the facts hereinbefore set out, it cannot be questioned that it is old in the lubricant compounding art to mix the esters formed from coconut oil and alcohols with a mineral oil, and also old to use a metal soap in lubricants. Koethen adds an iron soap to his lubricating oil, and the limitations in some of the claims, as in No. 14, reciting "a fatty acid soap of a metal in the same periodic group as the metal in the bearing with which the lubricating oil is intended to be used and close to the said metal in the electromotive series" does not aid patentability, for the reason assigned by the examiner in his statement to the effect that the claimed novelty lies merely in the alleged new function of the soap. The examiner pointed out that the appellants take a soap which is old and, in the claims mentioned, provide for its use on a metal having the same characteristics as the metal soap. He answered appellants' contention by the following statement from In re Lewis, 108 F.2d 248, 250, 27 C.C.P.A., Patents, 801: "As to appellant's contention concerning new and different function, it is merely necessary to state that the patentability of a product claim must be found in the product itself and not solely upon an alleged new function asserted for the product. * * *" See also In re Thuau, 30 C.C.P.A., Patents, 979, 135 F.2d 344.

With respect to said limitation in some of the claims relating to the selection of a metallic soap to match the particular metal of the bearing upon which the lubricant is used, the examiner stated that appellants had not shown to his satisfaction that the use of a soap of the same metal as that of the bearing is operative under the circumstances recited in the application. Appellants' lubricant, the examiner said, is intended for automobile engine lubrication and would necessarily come in contact with a plurality of bearings, such as steel, bronze, aluminum, and babbitt, and that if "an iron soap is used it will not bear the defined relationship to aluminum", and vice versa. The examiner pointed out that the claims are not restricted to the lubrication of a single metal bearing.

■ Appellants make the contention that the record discloses that the examiner, after having rejected the claims, using the British patent as the principal reference, and after having considered an affidavit submitted by appellants, withdrew the British patent as a reference "in view of a recently issued patent", to wit, the

510

Colbeth patent, and that the board failed to take cognizance of this fact. However, in the statement of the examiner subsequently made to the board, the British patent is cited and its pertinency commented on by the examiner. So, we think this contention of appellants is not meritorious.

Appellants further contend that there is no disclosure in the Colbeth or British patents of the use of branched-chain alcohols or of mixed esters of the total fatty acids of natural oils and such alcohols. However, as pointed out by the examiner and by the Solicitor for the Patent Office, Colbeth states that his esters may be isopropyl, isobutyl, isoamyl, and others, which would ordinarily indicate the use of isopropyl, isobutyl, and isoamyl alcohols in making the esters. All these are branched-chain aliphatic alcohols and have less than 12 carbon atoms. Appellants themselves, in their specification, suggest using isopropyl, isobutyl, isoamyl and other secondary and tertiary alcohols in making their esters. Colbeth, furthermore, in one of the examples recited in his specification, states that equal volumes of coconut oil and one of the alcohols of the group he suggests using are mixed together, and esterification is caused to take place in the well-known way. Obviously, the resulting esters would include the total fatty acids of coconut oil—the same oil which appellants use.

For the reasons before stated, the decision of the Board of Appeals is affirmed.

Affirmed.